UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY LITTLE<br>789 Georgetown Avenue<br>Elyria, OH 44035 | )<br>)<br>) | CASE NO. |
| | )<br>) | JUDGE |
| *and* | )<br>) | **PLAINTIFFS' CLASS AND** |
| | )<br>) | **COLLECTIVE ACTION** |
| RICHARD PINTER<br>789 Georgetown Avenue<br>Elyria, OH 44035 | )<br>)<br>) | **COMPLAINT** |
| | )<br>) | (Jury Demand Endorse Herein) |
| Plaintiffs, | )<br>) | |
| | ) | |
| *v.* | )<br>) | |
| | ) | |
| LEDNOR CORPORATION<br>c/o Earl G. Schaffer<br>4 Evergreen Road<br>Severna Park, MD 21146 | )<br>)<br>)<br>) | |
| | )<br>) | |
| *and* | )<br>) | |
| | ) | |
| DELPHIN E. THEBAUD, III<br>1121 Benfield Boulevard, Suite S<br>Millersville, MD 21108 | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiffs Jeremy Little and Richard Pinter, on behalf of themselves and all others similarly situated, by and through counsel, respectfully file this Class and Collective Action Complaint, and states and alleges as follows:

## INTRODUCTION

1.    Plaintiffs Jeremy Little and Richard Pinter bring this case to challenge policies and practices of Defendants Lednor Corporation and Delphin E. Thebaud, III (hereinafter collectively referred to as "Defendants") that violated the Fair Labor Standards Act ("FLSA"),

29 U.S.C. §§ 201-219, as well as the statutes and common law of the State of Ohio.  Plaintiffs

bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides

that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any

employer … by any one or more employees for and in behalf of himself or themselves and other

employees similarly situated".  Plaintiffs also bring this case as a class action under Fed. R. Civ.

P. 23 on behalf of themselves and all other members of a class of persons who assert factually-

related claims under the wage-and-hour statutes of the State of Ohio. Plaintiffs further bring

individual claims for retaliation under the FLSA in violation of 29 U.S.C. § 215(a)(3).

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 216(b).

3.      This Court has supplemental jurisdiction over Plaintiffs' claims under the statutes

and common law of the State of Ohio because those claims are so related to the FLSA claims as

to form part of the same case or controversy.

4.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. §

1391(b) because all or a substantial part of the events or omissions giving rise to Plaintiffs'

claims occurred here.

## PARTIES

5.      At all times relevant, Plaintiffs Jeremy Little and Richard Pinter were citizens of

the United States and residents of Lorain County, Ohio.

6.      Defendant Lednor Corporation is a Maryland for-profit corporation with its

principal place of business in Anne Arundel County, Maryland. According to records maintained

by the Maryland Secretary of State, Defendant Lednor Corporation's resident agent for service of process is Earl G. Schaffer, 4 Evergreen Road, Severna Park, MD 21146.

7.      Defendant Delphin E. Thebaud, III is the Sole Director and Sole Stockholder of Defendant Lednor Corporation.[1] Upon information and belief, Delphin E. Thebaud exercised daily operational control over Defendant Lednor Corporation's business operations, including decisions over the hiring and firing of employees, scheduling employees for work, establishing payroll policies and procedures, establishing rates of pay for employees, and issuing payroll to employees.

## FACTUAL ALLEGATIONS

### Defendants' Business

8.      Defendants are engaged in the exterior home improvement / remodeling business, and install, repair, replace, maintain, design and consult regarding, among other products, gutter guards, roofing materials, and retractable awnings.[2] Defendants provide services in the Maryland, Virginia, Washington DC, Delaware, Philadelphia PA, Pittsburgh PA, Columbus OH, Cleveland OH, Southern New Jersey, Northern New Jersey, Seattle WA and West Virginia markets and surrounding areas.[3] [4]

### Defendants' Statuses as Employers

9.      At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and O.R.C. Chapter 4111, and employed hourly employees, including Plaintiffs.

---

[1] https://egov.maryland.gov/BusinessExpress/EntitySearch/PreviewDocumentFromBusinessInformation?filingNumber=1000361996009589&departmentId=D04020129 (accessed September 8, 2017).
[2] http://www.harryhelmet.com (accessed September 8, 2017).
[3] http://www.harryhelmet.com/gutter-helmet-by-harry-helmet-difference (accessed September 8, 2017).
[4] http://www.harryhelmet.com/harryhelmet-locations (accessed September 8, 2017).

10.  At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

11.  At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12.  Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

13.  Defendant Delphin E. Thebaud, III is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Defendant Lednor Corporation, "in relation to employees," including Plaintiffs. Defendant Delphin E. Thebaud, III is also an employer pursuant to O.R.C. Chapter 4111, and had operational control over significant aspects of Defendant Lednor Corporation's day-to-day functions, including compensation of employees.

### Plaintiffs' Non-Exempt Statuses with Defendants

14.  Plaintiff Jeremy Little was employed by Defendants from about October 2016 to July 2017. Plaintiff Richard Pinter was employed by Defendants from about December 2016 to July 2017. Defendants employed Plaintiffs throughout Ohio, Pennsylvania, and West Virginia as gutter guard, awning, and roofing installers, repairers, and maintenance service providers.

15.  Plaintiffs, the FLSA Collective, and the Ohio Class were classified by Defendants as non-exempt employees and paid on an hourly basis.

16.  Plaintiffs, the FLSA Collective, and the Ohio Class worked in excess of forty (40) hours per week as gutter guard, awning, and roofing installers, repairers, and maintenance service providers and/or other employees with similar job titles/functions.

17.     At all times relevant, Plaintiffs, the FLSA Collective, and the Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

18.     At all times relevant, Plaintiffs, the FLSA Collective, and the Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**Defendants' Failure to Pay for All Hours, Including Overtime Hours, Worked**

19.     Defendants employ gutter guard, awning, and roofing installers, repairers, and maintenance service providers and/or other employees with similar job titles/functions. Plaintiffs, the FLSA Collective, and Ohio Class frequently worked more than forty (40) hours in a single workweek.

20.     Defendants employed and continue to employ numerous practices and policies in willfully violating the FLSA.

21.     While Plaintiffs, the FLSA Collective, and Ohio Class were paid on an hourly basis, Defendants consistently failed to pay Plaintiffs, the FLSA Collective, and Ohio Class for all hours worked. 29 U.S.C. § 207.

22.     Defendants' policy and practice is to deny earned wages, including overtime wages, to its non-exempt hourly employees. Defendants require their employees to be present and perform work in excess of forty hours per work week, fail to properly and accurately report wages earned and hours worked, fail to properly and accurately calculate overtime compensation, and further fail to pay for all hours worked.

23.     As a result, Defendants failed to pay Plaintiffs, the FLSA Collective, and Ohio Class all hours worked. Had Plaintiffs, the FLSA Collective, and Ohio Class been paid for all hours worked, some of the additional hours should have been compensated at the overtime rate.

24.     In addition, Defendants did not calculate or pay Plaintiffs, the FLSA Collective, and Ohio Class for travel time between job locations during weeks in which they worked 40 or more hours, in violation of the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 785.38, and corresponding Ohio law.

25.     All non-exempt hourly gutter guard, awning, and roofing installers, repairers, and maintenance service providers and/or other employees with similar job titles/functions are similarly situated in that they share common job duties and descriptions and are all subject to Defendants' policy and practice that requires them to perform work, including overtime, without compensation.

26.     Defendant's illegal pay practices were the result of systematic and company-wide policies originating at the corporate level. Upon information and belief, supervisors of non-exempt hourly gutter guard, awning, and roofing installers, repairers, and maintenance service providers and/or other employees with similar job titles/functions were under instructions and significant pressure from Defendants to restrict the amount of overtime reported. Upon information and belief, supervisors of Plaintiffs, the FLSA Collective, and Ohio Class received bonuses and/or other incentives based upon the amount of overhead, including the employees' wages they supervised.

**Defendants' Failure to Pay Overtime Compensation at the Lawful "Regular Rate"**

27.     The FLSA and Ohio law required Defendants to pay overtime compensation to their employees at the rate of one and one-half times their regular rate for the hours the employees worked in excess of forty hours.  29 U.S.C. § 207; O.R.C. § 4111.03.

28.     Defendants did not pay overtime compensation to Plaintiffs, the FLSA Collective, and the Ohio Class at the time-and-a-half regular rate required. Even when Plaintiffs, the FLSA

Collective, and the Ohio Class were paid for more than forty (40) hours per week, as calculated by Defendants, Defendants paid Plaintiffs, the FLSA Collective, and the Ohio Class their regular, straight time hourly rates for all hours worked.

**Defendants' Miscalculation of Overtime Compensation and the Artificial Regular Rate**

29.     The FLSA required Defendants to pay overtime compensation to their hourly employees at one and one-half times their "regular rate" of pay, and to include in the calculation of their regular rates "all remunerations for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e)(3).

30.     Defendants did not properly calculate the regular rates of Plaintiffs, the FLSA Collective, and the Ohio Class when paying them overtime compensation, but rather miscalculated their regular rates and underpaid their overtime compensation.

31.     In determining their regular rates, Defendants did not include the wages paid to Plaintiffs, the FLSA Collective, and Ohio Class in the form of what Defendants identified as "other pay" paid to Defendants' employees as itemized on their paystubs.

32.     Defendants engaged in a scheme to avoid properly compensating Plaintiffs, the FLSA Collective, and the ND Class at the time-and-a-half regular rate required, by creating an artificial regular rate and by providing a portion of Plaintiffs', the FLSA Collective's, and the Ohio Class's wages in the form of what Defendants identified as "other pay" and other forms of payment.

33.     Defendants' deliberate failure to pay hourly employees their earned wages and overtime compensation violates the FLSA as well as the statutes and common law of the State of Ohio.

34. Defendants' illegal pay practices were the result of systematic and company-wide policies originating at the corporate level.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

36. Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

37. The FLSA Collective consists of:

All present and former hourly employees of Defendants who worked as gutter guard, awning, and roofing installers, repairers, and maintenance service providers and other employees with similar job titles/functions during the period of three years preceding the commencement of this action to the present.

38. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt hourly employees, all were subjected to and injured by Defendants' unlawful practice of failing to pay for all hours worked and overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

39. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

40. Plaintiffs cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 500 persons. Such persons are

readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.

## CLASS ACTION ALLEGATIONS

41.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

42.     Plaintiffs additionally bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under the laws of the State of Ohio, defined as:

> All present and former hourly employees of Defendants who worked as gutter guard, awning, and roofing installers, repairers, and maintenance service providers and other employees with similar job titles/functions during the period of two years preceding the commencement of this action to the present.

43.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiffs cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 500 persons.  The number of class members, as well as their identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. Art. II, § 34a.

44.     There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants have engaged in a policy or practice of failing or refusing to pay for all hours worked by its non-exempt hourly gutter guard, awning, and roofing installers, repairers, and maintenance service providers and other employees with similar job titles/functions;
>
> Whether Defendants failed to pay Plaintiffs and other class members all overtime pay due to them;

Whether Defendants failed to pay Plaintiffs and other class members for all hours worked;

Whether Defendants' failure to pay Plaintiffs and other class members overtime pay due to them was willful; and

Whether Defendants' actions were willful.

45.     Plaintiffs' claims are typical of the claims of other members of the Ohio Class. Plaintiffs' claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

46.     Plaintiffs will fairly and adequately protect the interests of the Ohio Class. Plaintiffs' interests are not antagonistic to, but rather are in unison with, the interests of other class members.  Plaintiffs' counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

47.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

48.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

49.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

50.     Plaintiffs bring this claim for violation of the FLSA's overtime provisions.

51.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay.  29 U.S.C. § 207(a)(1).

52.     Plaintiffs, the FLSA Collective and Ohio Class should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

53.     Defendants did not pay overtime compensation to Plaintiffs, the FLSA Collective and Ohio Class at the rate of one and one-half times their regular rate for all of their overtime hours.

54.     By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

55.     As a result of Defendants' violations of the FLSA, Plaintiffs, the FLSA Collective and Ohio Class were injured in that they did not receive wages due to them pursuant to the FLSA.  29 U.S.C. § 216(b) entitles Plaintiffs, the FLSA Collective and Ohio Class to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO

**(Ohio Overtime Violations)**

56.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

57.     Plaintiffs bring this claim for violations of the Ohio overtime compensation statute, O.R.C. § 4111.03.

58.     At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

59.     Defendants' failure to compensate overtime hours and Defendants' failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

60.     These violations of Ohio law injured Plaintiffs, the FLSA Collective and Ohio Class in that they did not receive wages due to them pursuant to that statute.

61.     Defendants are therefore "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]" under Ohio law. O.R.C. § 4111.10.

## COUNT THREE
**(Individual Retaliation Claims – Plaintiffs Jeremy Little and Richard Pinter)**

62.     Plaintiffs incorporate the foregoing allegations as if fully rewritten herein.

63.     At all times relevant herein, Plaintiffs Jeremy Little and Richard Pinter were employees within the meaning of the FLSA, 29 U.S.C. § 203(e).

64.     At all times relevant herein, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

65.     While Plaintiffs Jeremy Little and Richard Pinter were paid on an hourly basis, Defendants consistently and willfully failed to pay Plaintiffs for all hours worked. 29 U.S.C. § 207.

66.     Defendants shortchanged Plaintiffs Jeremy Little and Richard Pinter by willfully failing to pay all hours worked. Failing to pay for all hours an employee is suffered or permitted to work violates the FLSA, 29 U.S.C. § 203.

67.     Throughout their employment with Defendants, Plaintiffs Jeremy Little and Richard Pinter made frequent complaints to management about Defendants' illegal pay practices, including Defendants' failure to pay Plaintiffs for all hours worked, including overtime hours.

68.     Following Plaintiffs' incessant complaints about Defendants' illegal pay practices, Defendants presented Plaintiffs with an independent contractor agreement, which Plaintiffs refused to sign given their employment relationship with Defendants. Among other things, as a matter of economic reality, Plaintiffs were *employees* of Defendants – Plaintiffs were economically dependent on Defendants; Plaintiffs performed work that was integral to Defendants' primary business; Defendants controlled the work Plaintiffs performed and the manner in which they performed it; Defendants determined Plaintiffs' job locations, and determined the order and sequence in which the Plaintiffs performed the work for Defendants; Defendants' investments and expenditures substantially outweighed any expenditures required on the part of Plaintiffs; Any opportunities Plaintiffs had to earn remuneration were unilaterally determined and controlled by Defendants; Plaintiffs were under the direct supervision and control of Defendants' supervisors and dispatchers; Defendants determined the amounts Plaintiffs were paid; Plaintiffs could not work for other companies or operate an independent business(es); and Plaintiffs could not make a profit and/or suffer any loss for their services.

69.     At the time Plaintiffs were presented with the independent contractor agreement, Plaintiffs believed that Defendants were requiring Plaintiffs to sign the independent contractor agreement to sanctify Defendants' illegal pay practices that further denied Plaintiffs overtime compensation.

70.     After, and as a result of, refusing to sign the independent contractor agreement sanctifying Defendants' illegal pay practices that further denied Plaintiffs overtime compensation, following Plaintiffs' engagement in the protected activity of making numerous complaints to management about Defendants' illegal pay practices, Defendants retaliated against Plaintiffs by terminating Plaintiffs.

71.     As a result of Defendants' retaliatory conduct, Plaintiffs Jeremy Little's and Richard Pinter's rights under 29 U.S.C. § 215(a)(3) were violated, and Plaintiffs have a remedy under 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Honorable Court:

A.     Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.     Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiffs and other members of the Ohio Class;

C.     Enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D.     Award compensatory damages to Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

E.     Award Plaintiffs compensatory and punitive damages, their costs and attorneys'

fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully submitted,

_s/ Ryan A. Winters_
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
Scott & Winters Law Firm, LLC
The Caxton Building
812 E. Huron Road, Suite 490
Cleveland, OH 44114
Tel. (440) 498-9100
Fax (216) 621-1094
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

_Attorneys for Plaintiffs_

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)